UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON GOODWILL,

        Petitioner,

  v.                                    Case No. 21-C-73

PAUL KEMPER,

        Respondent.

## SCREENING ORDER

On January 15, 2021, Petitioner Jason Goodwill filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his custody at Racine Correctional Institution under a state court judgment of conviction. In his petition, Goodwill lists two separate convictions in the Circuit Court for Sheboygan County that he seeks to challenge: (1) Case No. 09-CF-299, a July 9, 2010, conviction for exposing a child to harmful materials in violation of Wis. Stat. § 948.11(2)(a), for which he was sentenced to three years and six months in prison; and (2) Case No. 19-CF-371, a January 14, 2020, conviction for failing to register as a sex offender, in violation of Wis. Stat. § 301.45(6)(a), for which he was sentenced to six years.

Goodwill filed with his petition an application for leave to proceed *in forma pauperis*. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. He has done so, and it appears he lacks sufficient funds to pay the $5 filing fee for a petition for habeas corpus under 28 U.S.C. § 2254. Accordingly, his request to proceed without prepayment of costs will be granted.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

Goodwill may not challenge his 2010 conviction for exposing a minor to harmful materials under § 2254 for two reasons. First, he is no longer in custody under that sentence. Federal courts have jurisdiction over a habeas petition only if the petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989) (holding that the custody requirement is jurisdictional). "[A] habeas petitioner is not 'in custody' pursuant to a particular conviction unless his physical liberty of movement is limited in a non-negligible way, and that limitation is a direct consequence of the challenged conviction." *Stanbridge v. Scott*, 791 F.3d 715, 719 (7th Cir. 2015). Goodwill's present custody is due not to his 2010 conviction for exposing a child to harmful materials, but for failing to register as a sex offender. The registration requirement does not constitute custody but rather a collateral consequence. *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008). For this reason alone, the Court lacks jurisdiction over Goodwill's 2010 conviction.

There is also a second reason that the Court lacks jurisdiction over Goodwill's 2010 conviction. He already sought relief under § 2254 from that conviction. On April 5, 2013, Goodwill's petition for § 2254 relief from his 2010 conviction was dismissed as untimely in

*Goodwill v. Clements*, Case No. 2-12-C-01095-PJG. This makes Goodwill's current challenge to that conviction a second or subsequent petition. Subject to two exceptions, a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application must be dismissed. 28 U.S.C. § 2244(b)(2). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Goodwill has not sought leave to file a second or subsequent petition in the court of appeals. It thus follows that Goodwill cannot challenge his 2010 conviction in his current petition.

As for Goodwill's 2020 conviction for failing to register as a sex offender, his petition fails to allege facts sufficient to show a cognizable claim. Federal relief from state court convictions under 28 U.S.C. § 2254 is available "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Moreover, "[h]abeas corpus petitions must meet heightened pleading requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The petition must "specify all the grounds for relief available to the moving party," and "state the facts supporting each ground." 28 U.S.C. § 2254, Rule 2(c); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate "fact pleading" as opposed to "notice pleading," as authorized under Federal Rule of Civil Procedure 8(a)."). The reason for the heightened pleading requirement in habeas cases, in light of the requirement that the petitioner first exhaust his state court remedies before seeking relief in federal court, is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim

> brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Borden*, 646 F.3d at 810. Were the rule otherwise, federal habeas corpus would be transformed into "a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Id.* at 810 n.31.

Given the fact that a person seeking relief under § 2254 is required to have already raised the same claim or claims for which he now seeks federal relief in state court, and exhausted each level of review available in the state system, it should not be burdensome for the petitioner to describe those same claims with sufficient specificity to allow the federal court tasked with the job of screening his petition to determine whether a claim cognizable under § 2254 has been stated. This is not too much to expect of a petitioner before the State is ordered to undertake the often onerous task of filing an answer to the petition and compiling copies of all or almost all of the pleadings, hearing transcripts, and briefs filed in what is often a lengthy state court proceeding. Generally, this task is made significantly less difficult by attaching a copy of the state court decision or decisions that rejected the petitioner's claims, as the prescribed form petition that can be found at the Eastern District of Wisconsin website requires.

It follows that conclusory allegations of prosecutorial and judicial misconduct are insufficient. If Goodwill wishes to assert a claim that the prosecutor withheld exculpatory evidence in violation of his right to due process of law, for example, he must allege precisely what evidence was withheld and explain how it was material to his case. Since he was required to provide the state courts a full and fair opportunity to correct any such violation before proceeding to federal court, *see Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (noting "habeas petitioner

4

may not resort to federal court without first giving the state courts a fair opportunity to address his claims and to correct any error of constitutional magnitude"), the specific factual allegations should be well known to Goodwill and can be easily included in his petition. If Goodwill did not exhaust his state court remedies as to his 2020 conviction, then that alone would be grounds upon which to deny his petition.

Based on the foregoing, Goodwill's petition is **DISMISSED** for failure to state a cognizable federal claim. The **dismissal is without prejudice, however, and Goodwill will be granted leave to file an amended petition regarding his 2020 conviction on or before April 14, 2021**. In his amended petition, Goodwill must allege enough supporting facts to support each claim so that the Government has some notice of what the claim is and the Court can determine whether it merits going forward. Failure to do so will result in dismissal of the action with prejudice.

**SO ORDERED** at Green Bay, Wisconsin this 16th day of March, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge